## BOSCHARDT v. SCOTT.

(Supreme Court, Appellate Term. May 15, 1908.)

LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—ELEVATOR SERVICE—QUESTIONS FOR JURY.

> In an action by a landlord to recover rent for apartments, defended by the tenant on the ground of a constructive eviction, *held*, under the evidence, questions for the jury whether the landlord agreed to operate a passenger elevator day and night, and whether its operation had been stopped for repairs an unreasonably long time.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 941, 942.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Samuel Boschardt against Charles I. Scott. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Edward A. Scott, for appellant.

GIEGERICH, J. The tenant defends this action, which is brought by the landlord to recover, among other things, one month's rent of apartments on the seventh or top floor of The Melville, situate at 430 West 118th street, borough of Manhattan; such defense being based on the claim that he was constructively evicted therefrom by the failure of the landlord to operate a passenger elevator to and from his apartments during a portion of the demised term, which was for four months from June 1, 1906, to September 30th of the same year.

The tenant claims that he hired the apartments on the express understanding had with the landlord's manager that the elevator would be run day and night, but that, instead of this being done, the elevator stopped running during the following periods of time, viz.:

The latter part of May, or the first part of June, 1906, for a day or a day and a half, the latter part of June for about two days, and in July just before the defendant moved from the premises, which occurred on July 20, 1906, at which time the elevator had been out of order for three or four days. The landlord's manager denied having such an understanding with the tenant regarding the running of the elevator, and the landlord adduced testimony to the effect that the elevator had during the period in question stopped running on two instead of three occasions, as testified to by the tenant's witness.

There was also a conflict of testimony as to the length of time the elevator ceased to run on such occasions. The tenant claimed that the operation of the elevator had been unnecessarily stopped, while the landlord insisted, on the other hand, that it was closed down for public safety. Although there was, as seen, a conflict of testimony upon all three propositions, the trial justice, notwithstanding the tenant's request to go to the jury upon the question "whether or not the elevator was out of order and repair on three different occasions for a period longer than it was necessary to put it in a state of good repair," directed a verdict in the landlord's favor for $60. The tenant duly excepted. We think that under the circumstances the questions whether the elevator was to be operated during the day and night as claimed by the tenant, and whether its operation had been stopped for repairs an unreasonable length of time, were ones of fact, to be determined by the jury (Ardsley Hall Co. v. Sirrett [Sup.] 86 N. Y. Supp. 792), and that it was error for the trial justice to withhold such questions from the consideration of the jury.

The judgment should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.